**ADELMAN et al. v. NORDBERG MFG. CO.**
Civ. No. 4256.

District Court, E. D. Wisconsin.
March 5, 1947.

Hess & Chernov, of Milwaukee, Wis., for plaintiffs.

Miller, Mack & Fairchild, of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

This is a suit for so-called portal-to-portal pay under provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. Attached to the complaint is an interrogatory which reads as follows: "Give for each employee named in Schedule A(2) attached to the complaint for each week subsequent to October 24, 1938, and down to the date of this complaint the job classification, the scheduled starting and quitting times, the total number of hours for which compensation was paid, the regular hourly rate, the number of hours compensated at overtime rates, the number of hours shown on the time card between

punching in and punching out." Defendant objects to answering the interrogatory on the grounds that its scope is too broad and that it seeks irrelevant information; that plaintiffs are merely asking information which will aid them in establishing a cause of action; and that a compilation of the detailed answers to the various parts of the interrogatory will necessitate large expenditures of time and money upon the part of the defendant.

In arguing that the proposed interrogatory is vexatious and burdensome, defendant points out that 60,000 clock tapes containing 150,000 items on each tape must be analyzed; also that the clock recordings for punching in and punching out will involve analyzing and recording over 260,000 items and over 260,000 computations to determine total hours at straight time and overtime rates.

■ The objection that the plaintiffs are merely seeking information which will aid them in establishing a cause of action cannot be sustained. One of the purposes of various types of discovery provided by the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is that the parties to a lawsuit may fully explore the information in the possession of the adversary, and of course it is usually the hope of the party conducting the discovery that the information may be helpful in establishing a cause of action or a defense to one alleged.

■ The objection that the scope of the information is too broad and seeks information that is irrelevant must be overruled except in so far as the inquiry seeks to go back beyond January 16, 1941, which is the beginning of the six year period prior to the date of the commencement of this action. Interrogatories may cover at least as broad a field of inquiry as when the interested party is called as a witness to testify orally at the trial. Chandler v. Cutler-Hammer, Inc., D.C., 31 F.Supp. 453. However, it is clear that in no event can a recovery be had herein for a period prior to six years before the commencement of this action, and in so far as the interrogatory seeks information between October 24, 1938, and January 15, 1941, the objection will be sustained.

■ It is not a valid objection that the compilation of answers to the interrogatory will necessitate large expenditures of time and money by defendant if in other respects the information sought is a proper object of discovery. By the very nature of this cause of action, covering the alleged rights of some 98 individuals, a great amount of detailed work in preparing for trial is necessarily involved. The defendant herein has been granted an extension of time in which to answer until May 7, 1947; the reason for granting this extension was to enable the defendant to make an investigation of its records with reference to the various plaintiff-employees who are named in the complaint. In making its investigation defendant will in a large measure gather together the information called for in the interrogatory and analyze it for its own purposes.

■ The objection that the interrogatory is premature will be sustained. Under the circumstances of this case there is no reason why the defendant should be required to answer the interrogatory prior to the time it has determined upon its defenses. In Stewart-Warner Corp. v. Staley, D.C., 2 F.R.D. 199, and in Sheldon v. Great Lakes Transit Corp., D.C., 2 F.R.D. 272, the court denied a request to file interrogatories prior to the reply of defendant's counterclaim in the one case and prior to the defendant's answer in the other.

The order to be entered herein sustaining the objection to answering the interrogatory contained in the complaint will be without prejudice for the plaintiffs to renew said interrogatory after the pleadings have been completed, and subject to the limitation hereinbefore indicated.