**Glenn MARTIN et al., Plaintiffs,**

v.

**PENN LINE SERVICE, INC., Defendant.**

**Civ. A. No. 75–1001.**

United States District Court,
W. D. Pennsylvania.

July 20, 1976.

Robert L. Walker, Meadville, Pa., for plaintiffs.

Joseph F. McDonough, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, Senior District Judge:

This is a civil action by four helicopter pilots under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. to recover unpaid overtime compensation and an amount equal to such unpaid compensation as liquidated damages together with reasonable counsel fees.

The plaintiffs, Glenn Martin, Neal K. Varner, Michael M. Kelly, and Paul J. Buksar, all former employees of defendant, assert that during the period from 1972 through 1975 the defendant, Penn Line Service, Inc., willfully and without any basis or justification, failed to pay them overtime compensation.

The defendant denies that it violated any of the provisions of the Act and contends that plaintiffs were employed as salaried professionals to pilot helicopters and to manage a field operation incident thereto. More particularly, defendant alleges that the pilots were employed in a bona fide executive, administrative, or professional capacity, and as such, were not entitled to overtime compensation since they fell within the exemption under Section 213(a)(1) of said Act.[1] The defendant believes that its decision to treat the plaintiffs as being ex-

---

1. Title 29 U.S.C.A. § 213(a)(1) provides in pertinent part:

"(a) The provisions of sections 206 and 207 of this title shall not apply with respect to—

"(1) any employee employed in a bona fide executive, administrative, or professional capacity . . . . (as such terms are defined and delimited from time to time by regulations of the Secretary)"

empt status was most proper and in conformity with the advice and interpretation issued by the Helicopter Association of America and an opinion letter issued on May 25, 1971 by the Wage and Hour Division.

The plaintiffs' believe that a careful examination of the payroll system used reveals defendant's willful attempt to circumvent the law. A review of the same unquestionably reflects that defendant's method and manner of computing an employee's work time was complex, involved, and most unusual in that the actual hours worked were never fed into the electronic device which issued the payment checks. To fully understand the payroll system employed by the defendant would require a most extensive and detailed explanation. However, it is sufficient for the purposes of this proceeding to know that in 1972 the plaintiffs, after working five week days, were instructed to enter an additional six hours on their time reports if they worked any part of the weekend regardless of the number of extra hours worked. In 1973 the plaintiffs were instructed to add to their time reports if they worked five full days, an additiona six hours if they worked on Saturday anc six more hours if they worked on Sunday, regardless of the actual hours worked each day. From April, 1974 to December 15, 1974, the plaintiffs were paid strictly on an hourly basis and in 1975 the payroll system again reverted to what it was in 1972.

■ The law is well settled that the provisions of the Act relating to overtime compensation do not apply to an employee who is employed in a bona fide executive, administrative, or professional capacity. 29 U.S.C.A. § 213. Equally settled is the principle of law that the exemptions contained in the Act are to be narrowly construed against the employer. *Shultz v. Louisiana Trailer Sales,* 428 F.2d 61 (5th Cir. 1970), cert. den'd 400 U.S. 902, 91 S.Ct. 139, 27 L.Ed.2d 139.

The question for this court's determination is whether under all the facts and circumstances plaintiffs were employed in an executive, administrative, or professional capacity. Plaintiffs were most experienced and capable pilots who performed such duties as forest fire control, strip mine seeding, powerline patrols, powerline brush spraying, and aerial photography. Since much of their flight time, which averaged between 30–40% of their work time, depended very heavily on the season as well as the weather, plaintiffs would often be required to work irregular, variable, and unusually long hours, sometimes from dawn to darkness. While performing their work on the helicopter, the plaintiffs were provided with a ground crew and crew leader whose duties were to keep the pilots sufficiently supplied with gasoline, oils, and spraying solution and any other needs required.

Often, when inclement weather and conditions made flying impractical, plaintiffs would be assigned menial tasks as common laborers for jobs which required very limited training or understanding. These duties included cleaning and working on their equipment; repairing, maintaining, and servicing trucks used by the ground crew; spraying and cleaning around the facilities where the helicopters were kept; maintaining the supplies and needs of the helicopter; increasing sales efforts with potential customers; and communicating with third persons in an effort to secure settlements from those who claimed to be damaged as a result of the helicopter operations.

■ It is the considered judgment of the court that plaintiffs were not acting in an executive, administrative, or professional capacity. Each of the plaintiffs' duties were known. Their work assignments as to what they must do, when and where, were all determined by their pilot supervisor. Moreover, no direction was required or needed over the ground crew, who, unquestionably, knew their duties as to what the needs and requirements of the helicopter would be on a given assignment.

■ It is not the nature of the employer's business which determines whether the employees act in an executive, administra-

tive, or professional capacity but instead it is determined by the character, type, and extent of the activities and duties performed by said employees. Very simply, in the instant proceeding the evidence reveals that the plaintiffs were merely highly trained technicians who exercised no control, discretion, or administrative functions in the performance of their duties. The court has reviewed the evidence and is unable to find any basis to conclude that the plaintiffs satisfied any of the standards set out in 29 C.F.R. § 541.102.[2]

Nor does the record support any basis to conclude that plaintiffs performed any administrative duties or engaged in the exercise of any discretion or independent judgment. On the contrary, plaintiffs performed their duties through the reliance on their skills and techniques acquired by their training and experience. Without a doubt, plaintiffs' decisions and performances were guided within the context of those skills and training. However, all decisions or judgments which would necessarily involve a major policy change could only be taken after consultation with their superior. See: *Reeves v. International Telephone & Telegraph*, D.C., 357 F.Supp. 295 (1973).

■ Although plaintiffs have satisfied the court that they were entitled to be compensated for their overtime while in the employ of the defendant, they have not established that the actions of the defendant were willful and that said defendant knowingly and willfully intended to deprive the employees of rights to which they were entitled. On the contrary, the record reflects that the defendant, in good faith, believed plaintiffs were in the exempt status under the Act.

In view of the above, a right exists on behalf of the plaintiffs to recover their overtime compensation for the period August 11, 1973 through August 11, 1975. Since defendant's actions in the instant proceeding can in no way be viewed as willful, no basis exists for the awarding of liquidated damages. 29 U.S.C.A., § 260; *Bable v. T. W. Phillips Gas & Oil Company*, 287 F.2d 21 (3rd Cir. 1961); *Rau v. Darling's Drug Store*, 388 F.Supp. 877 (W.D.Pa.1975). This proceeding was instituted on August 11, 1973, and accordingly, plaintiffs right to recover damages is limited to two years instead of three. The statute of limitations is three years prior to the date an action is instituted for liquidated damages, and two years for general claims. 29 U.S.C.A. § 255.

Plaintiffs are entitled to recover as follows:

Glenn Martin:

| | |
|---|---|
| August 12, 1973 to Oct. 28, 1973 | |
| 81 hours at $5.68 per hour × 1.5 | $ 690.12 |
| Week ending Nov. 18, 1973 | |
| 2 hours at $5.77 per hour × 1.5 | 17.31 |
| Dec. 1974 to April 15, 1975 | |
| 50 hours at $6.25 per hour × 1.5 | 468.75 |
| | $1,176.18 |

Neal Varner:

| | |
|---|---|
| August 12, 1973 to Dec. 31, 1973 | |
| 49 hours at $4.62 per hour × 1.5 | 339.57 |
| Jan. 1, 1974 to March 31, 1974 | |
| 60 hours at $4.62 per hour × 1.5 | 415.80 |
| April 1, 1974 to Aug. 1974 | |
| 62 hours at $4.91 per hour × 1.5 | 456.63 |
| | $1,212.00 |

Paul Buksar:

| | |
|---|---|
| August 12, 1974 to Dec. 31, 1974 | |
| 197 hours at $5.20 per hour × 1.5 | $1,536.60 |
| Jan. 1, 1974 to March 31, 1974 | |
| 78 hours at $5.20 per hour × 1.5 | 608.40 |
| | $2,145.00 |

2. 29 C.F.R. § 541.102 provides in pertinent part as follows:

"(b) For example, it is generally clear that such work as the following is exempt work when it is performed by an employee in the management of his department or the supervision of the employees under him: Interviewing, selecting, and training of employees; setting and adjusting the rates of pay and hours of work; directing their work; maintaining the production or sales records for use in supervision or control; appraising their productivity and efficiency for the purpose of recommending promotions or other changes in their status; handling their complaints and grievances and disciplining them when necessary; planning the work; determining the techniques to be used; apportioning the work among the workers; determining the type of materials, supplies, machinery or tools to be used or merchandise to be bought, stocked and sold; . . ."

Michael Kelly:

August 12, 1973 to Dec. 31, 1973
56 hours at $5.19 per hour × 1.5     $ 435.96

Jan. 1, 1974 to March 31, 1974
72.5 hours at $5.19 per hour × 1.5     <u>564.41</u>
                                    $1,000.37

The defendant has also filed a counterclaim against each of the plaintiffs for alleged wages paid over and above what each of them should have been paid during the period from April 1, 1974 to December 15, 1974. The court can find no basis to sustain the defendant's claim against any of the plaintiffs.

Counsel for the plaintiffs is entitled to reasonable attorney fees.

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate Order is entered.