Joaquin RIOJAS, Sr., Maria Luisa Riojas, Maria Hilaria Riojas, Joaquin Riojas, Jr., Marcelino and Santa Estrada, Josefina Castillo, Mario and Yolanda Mireles, on behalf of themselves and all others similarly situated,

v.

SEAL PRODUCE, INC., Jesse Russell, Juan Pablo Gonzalez, Apolonio Juariqui, Vicente Barrientes, Reynaldo Espinosa, Esteban Cardenas, Santiago Cantu, Luis Ortega, Juan Guerra.

Civ. A. No. B–78–73.

United States District Court,
S. D. Texas,
Brownsville Division.

March 10, 1979.

Texas Rural Legal Aid, Inc., James A. Hermann, Harlingen, Tex., for plaintiffs.

Rankin & Kern, H. H. Rankin, Jr., McAllen, Tex., for defendants, Seal Produce, Inc., and Jesse Russell.

Joseph A. Connors, McAllen, Tex., for defendants, Juan Pablo Gonzalez, Apolonio Juariqui, Vicente Barrientes, Reynaldo Espinosa, Esteban Cardenas, Santiago Cantu, Luis Ortega, and Juan Guerra.

## MEMORANDUM AND ORDER

GARZA, Chief Judge.

On March 15, 1978, the Plaintiffs, agricultural field laborers, filed a Complaint pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–219 [hereinafter the "FLSA"]. The named Plaintiffs alleged

that the Defendants, comprising the crew leaders who are farm labor contractors, the corporate harvester and packer, and the grower of the crops in question, failed to pay the Plaintiffs the average hourly minimum wage of $2.65 per hour. The named Plaintiffs also sought to maintain this action as a class action pursuant to Fed.R. Civ.P. 23 and 29 U.S.C. § 216(b). The members of the alleged class include all persons who were employed by the Defendants and who were not paid the minimum wage mandated under the FLSA. The Plaintiffs attached to the Complaint a consent form and a list containing approximately 65 signatures of individuals who are seeking to be included within the class. The Plaintiffs also allege that there is a great number of unknown individuals who should be included within the class. Plaintiffs, besides seeking unpaid minimum wages and an equal amount in liquidated damages, also sought injunctive relief enjoining the Defendants from failing to pay the minimum wage in the future.

The Defendants in separate but basically similar pleadings filed Motions for a Determination that this Action is Not Maintainable as a Class Action. The Defendants claim that the Plaintiffs may not seek certification of a class under Rule 23 of the Federal Rules of Civil Procedure when proceeding under the FLSA. The Defendants object to the authorization form signed by the alleged class members in that it does not name one of the allegedly injured class members as a class representative. The Defendants also object that there is no showing that the list of signatures actually refers to the consent form. The Defendants additionally assert that the alleged class list is invalid since it is typewritten rather than handwritten as required by § 216(b). The Defendants further contend that the authorization forms solicited by Texas Rural Legal Aid, Inc. are barratrous, thereby rendering them nugatory. Lastly,

the Defendants claim that only the Secretary of Labor possesses the authority to maintain a class action seeking injunctive relief under the FLSA.

Thereafter, the Defendants filed similar Motions to Dismiss the Action for Injunction. The Defendants assert that the Secretary of Labor has the sole power to institute injunctive proceedings, and, therefore, the Defendants have failed to state a claim upon which relief can be granted. The Defendant Jesse Russell also filed a Motion to Dismiss for Failure to State a Cause of Action apparently on the basis that he was not an employer as defined under 29 U.S.C. § 203(d).[1]

On May 26, 1978, the Plaintiffs filed an Amended Complaint naming five additional defendant farm labor contractors and removing a previously named Defendant, Alfredo Espinosa. On June 21, 1978, the Plaintiffs filed their Opposition to Defendants' Motions Under Rules 12(b)(1) and (6). In this motion, the Plaintiffs contend that 29 U.S.C. § 216(b) authorizes class suits provided that the class members file a consent to sue with the court. The Plaintiffs contend that approximately 65 employees of Defendants have consented as evidenced by their signatures affixed to the consent form. The Plaintiffs also request that the Court give notice to all hand harvest field workers employed by the Defendants during the period from February 27, 1978, to March 10, 1978, and allow the field workers the opportunity to join in the instant lawsuit. The Plaintiffs also concede that they are limited by the "opt-in" procedure required by 29 U.S.C. § 216(b) and may not seek class certification under Rule 23. Additionally, the Plaintiffs state that they will not contest the Defendants' Motions to Dismiss the Action for Injunction against further wage violations.

Three of the five additionally named Defendants, Espinosa, Guerra and Cantu, filed

---

1. 29 U.S.C. § 203(d) reads as follows:
"Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.

motions similar to those filed earlier by the previously named Defendants. The Plaintiffs filed their opposition to these motions based upon the arguments made in their earlier opposition pleading filed on June 21, 1978.

On December 20, 1978, this Court held all motions in abeyance pending the filing by Plaintiffs of a brief responding to the Defendant Russell's Motion to Dismiss, referring specifically to his claim that he was not an "employer." The requested brief was filed on January 5, 1979, with a supplemental letter memorandum filed on January 25, 1979. During the time in which the motions were held in abeyance, the Plaintiffs also filed a Motion to Compel Production of Documents.

Based upon a thorough review of the various pleadings and the applicable law, this Court is of the opinion that 1) the Defendants' Motion that this Action is Not Maintainable as a Class Action should be granted in part and denied in part in that the Plaintiffs will be allowed to proceed with their class action under § 216(b) but not under Rule 23; 2) the Defendants' Motion to Dismiss the Action for Injunction should be granted; 3) the Defendant Russell's Motion to Dismiss for Failure to State a Cause of Action should be denied; 4) the Plaintiffs' request that this Court allow the Plaintiffs to mail notice to all hand harvest field workers employed by the Defendants during the period from February 27 to March 10, 1978, be granted; and 5) the Plaintiffs' Motion to Compel Production of Documents be granted in part and denied in part.

## I.  CLASS ACTION

Since the Plaintiffs have conceded that a class action under Rule 23 is unavailable in this proceeding, the Court need not discuss that issue further. The Court, therefore, must determine whether the Plaintiffs are able to maintain a class action under the applicable federal statute. 29 U.S.C. § 216(b), which concerns violations of the federal minimum wage law, 29 U.S.C. § 206, states in pertinent part that an action for unpaid minimum wages and an additionally equal amount of liquidated damages

> may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b).

■■■ Defendants contend that the named Plaintiffs and the class they seek to represent are not similarly situated. The Plaintiffs, however, need only show that their positions are similar, not identical. *See Calabrese v. Chiumento*, 3 F.R.D. 435, 437 (D.N.J.1944). The named Plaintiffs and the members of the class are all hand field harvest workers who have been allegedly denied their minimum wages by the Defendants. The Court concludes that the class members are similarly situated to the named Plaintiffs.

Thus, it is clear that the relevant statute allows a private plaintiff to bring a class action against an employer who has allegedly not paid the minimum hourly wage. To be a member of such class, Section 216(b) requires that a person must "opt-into" the proceeding.[2] In other words, he must give his consent in writing to become a party and must file such consent in the court in which the action is brought. 29 U.S.C. § 216(b). *See also LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975).

■■■ In the present case, representatives of Texas Rural Legal Aid composed a consent form on a sheet of yellow legal paper in both English and Spanish.[3] At-

---

2. The passage referring to party plaintiffs in 29 U.S.C. § 216(b) provides as follows:

   No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such

   consent is filed in the court in which such action is brought.

3. On March 1, 1978, approximately 170 hand harvest workers established a picket line on the county road in front of the packing shed belonging to the Defendant Seal Produce. At

tached to this consent form on identical paper are the signatures of approximately 65 individuals with their addresses and Social Security Numbers. An additional document which was attached to the Complaint was a typewritten list which includes all the information found on the signed list and was obviously included for purposes of clarity.

29 U.S.C. § 216(b) requires that the consent necessary to become a member of the class must be in writing. In *Montalvo v. Tower Life Building*, 426 F.2d 1135 (5th Cir. 1970), the plaintiffs, consisting of more than two dozen maids and janitors, had signed their names beneath a typewritten statement which requested that "legal action be taken to secure my claim for me due me under the Fair Labor Standards Act." *Id.* at 1148. The Fifth Circuit held that the plaintiffs, by signing their names, had given their consent to become plaintiffs in a suit under the FLSA. *Id.* The Court in *Montalvo* recognized that the plaintiffs in that case were unschooled in legal technicalities but believed that those plaintiffs had a basic understanding of the nature of the consent they had given. *Id.*

This Court perceives little difference between the consent form used in *Montalvo* and the one utilized in the present case. The signatures given in the instant case clearly are annexed to the consent form demonstrating the desire of those individuals to be included in this lawsuit. To become a party plaintiff under § 216(b), an individual need only consent in writing and have that consent filed in Court. There is no further need to comply with any requirements of a class action which might be necessary under Rule 23. *See Burgett v.*

*Cudahy Co.*, 361 F.Supp. 617, 622 (D.Kan. 1973). This Court believes that those individuals who signed the list accompanying the consent form have complied with the requirements necessary to be included within a class under § 216(b).

The Defendants contend that the consent form is invalid since it included the name of Texas Rural Legal Aid rather than one of the injured Plaintiffs. The Court considers this objection without merit since the present lawsuit was filed under the names of certain injured Plaintiffs. The mere fact that the consent form states that Texas Rural Legal Aid shall pursue the claims does not change the fact that the proceedings are being brought in the names of the allegedly injured individuals. Such an objection is an exercise in technicalities and semantics which this Court will not entertain.

Lastly, Defendants maintain that the consent authorization forms solicited by the Texas Rural Legal Aid amount to barratrous material and, thus, are void and unenforceable. Again the Court finds little merit in the Defendants' contentions. The basic framework of a class action under § 216(b) requires that the plaintiffs give their consent before becoming party plaintiffs. In situations involving migrant farm workers who are for the most part not only uneducated but also highly transitory, a consent form accompanied by a list of signatures is one of the few ways that possibly injured farm workers would ever receive a chance of litigating their federal claims. Additionally, a similar consent form has been previously approved by the Fifth Circuit in *Montalvo, supra*, 426 F.2d at 1148.

that time a member of the Texas Farm Workers Union telephoned the Texas Rural Legal Aid Office in Weslaco, Texas, requesting that they send someone to assist the workers with legal problems which might arise. Two representatives from Texas Rural Legal Aid arrived and advised the workers there that the situation could degenerate into a lawsuit. In anticipation of the possible necessity of pursuing their minimum wage claims in court, these rep-

resentatives improvised a consent form appointing Texas Rural Legal Aid as the entity which would pursue the minimum wage claims of the hand harvest workers. This improvised consent form which was handwritten in both English and Spanish read as follows:

I _____ hereby give my consent to Texas Rural Legal Aid to pursue my claims for minimum wages against Seal Produce, Inc.

In similar solicitation endeavors conducted by the A.C.L.U. and the N.A.A.C.P., the United States Supreme Court has upheld such activities. *See In Re Primus*, 436 U.S. 412, 98 S.Ct. 1893, 56 L.Ed.2d 417 (1978); *N.A.A.C.P. v. Button*, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963). In both instances, the Court stated that the purpose of such groups was not the acquiring of financial gain, but rather achievement of their civil liberties and racial equality objectives by vindicating the legal rights of indigents and minorities. *See In Re Primus, supra*, 436 U.S. at 422, 98 S.Ct. 1893; *N.A.A.C.P. v. Button, supra*, 371 U.S. at 429, 83 S.Ct. 328. In such situations, the Supreme Court found that such "collective activity undertaken to obtain meaningful access to the courts is a fundamental right within the protection of the First Amendment." *In Re Primus, supra*, 436 U.S. at 426, 98 S.Ct. at 1901, *quoting United Transportation Union v. State Bar of Michigan*, 401 U.S. 576, 91 S.Ct. 1076, 28 L.Ed.2d 339 (1971). *See also N.A.A.C.P. v. Button, supra*, 371 U.S. at 443, 83 S.Ct. 328.

The Texas Rural Legal Aid is a governmentally funded organization whose purpose is to provide indigents with meaningful access to the courts in this state. This Court can perceive little fundamental difference behind the motivations of groups like the A.C.L.U. and the N.A.A.C.P. and those of Texas Rural Legal Aid. The Court cannot envision that an organization whose primary task is to render free legal assistance to the indigent can be accused of barratry when it can receive no funds from the Plaintiffs and when it is attempting to carry out its task in the most efficient and beneficial way possible.

## II. MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION

The Plaintiffs have conceded that they have no standing in their attempt to seek injunctive relief, and, thus, the Court will not discuss the Defendants' Motion to Dismiss the Action for Injunction. The Defendant Russell in his affidavit accompanying the Motion to Dismiss for Failure to State a Cause of Action states that he merely contracted with Defendant Seal Produce, Inc. for the latter to harvest, process and sell the spring 1978 onion crops. The Defendant Russell states that he had no control over Defendant Seal Produce or the farm labor contractors, although he maintained close contact with the Defendant Seal Produce. The Plaintiffs contend, however, that the Defendant Russell did have a personal stake in the farm work being performed and that Defendants Russell and Seal Produce were in a profit-sharing arrangement.

The word "employer" is defined in 29 U.S.C. § 203(d) as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . ." It has been held that whether one is an employer of harvest workers does not depend on technical or isolated factors but rather upon the totality of the circumstances. *See Hodgson v. Griffin and Brand of McAllen, Inc.*, 471 F.2d 235, 237 (5th Cir. 1973), *cert. denied sub nom. Griffin & Brand of McAllen, Inc. v. Brennan*, 414 U.S. 819, 94 S.Ct. 43, 38 L.Ed.2d 51 (1973). The existence of crew leaders who possess the titles of independent contractors does not negate the possibility that another person or corporation may be a joint employer of those contractors. *Id.* The determination *vel non* that one is an employer must be deduced from similar relationships in the industry and from a consideration of the facts and circumstances under which the harvest workers are employed. *See Mitchell v. Hertzke*, 234 F.2d 183, 189 (10th Cir. 1956). Usual considerations in resolving employer status include the amount of day-to-day participation, control, involvement or supervision exercised by the alleged employer. *See Marshall v. Fletcher*, 2 Wages-Hours, Lab.L.Rep. (CCH) ¶ 33,734 (D.Md. Oct. 31, 1978). Also important in this determination is the extent of involvement of the alleged employer and his right in the

hiring, firing and settling of wages of the workers. *Id.*

In light of these requirements, the sparsity of facts and the dispute in the pleadings, this Court does not believe that, without further factual development and enlightenment, it can dismiss the Defendant Russell from this action. If it is shown at a later stage of this proceeding that the said Defendant was actually not an employer, the Court may dismiss him at that time.

## III. NOTICE AND OPPORTUNITY TO "OPT–IN"

Section 216(b) makes no provision for allowing notice to potential class members in a suit under the FLSA. In light of the fact that the statute is meant to aid injured parties in recovering unpaid minimum wages, it is only sensible that procedures facilitating this intent would be favored. This is particularly so in the present case in which there are possibly hundreds of migrant farm workers who might not ever receive their allegedly unpaid minimum wages. These farm workers are relatively poor individuals who have received little formal education and often have no conception of legal rights which they might possess. Such individuals if left to their own resources would probably never know where or from whom to seek redress to possibly illegal activities perpetrated upon them. Legal aid programs such as the Texas Rural Legal Aid, which are publicly funded and organized to assist such people, are often the only avenues available to protect these individuals' rights. In a case such as this where the alleged class members are migratory and difficult to locate, it is nothing more than an act of fundamental fairness to allow the Texas Rural Legal Aid to attempt to notify these farm workers of allegedly illegal activities and the availability of legal action. In light of the "opt-in" characteristic of the § 216(b) class action, this Court finds that, particularly under the instant circumstances, the statute would authorize the giving of notice to any potential class members. *See, e. g., Braunstein v.*

*Eastern Photographic Laboratories, Inc.,* 600 F.2d 335, 2 Wages-Hours Lab.L.Rep. (CCH) ¶ 33,735 (2d Cir. 1978); *Cantu v. Owatonna Canning Company, Inc.,* No. 3–76–Civ. 374 (D.Minn. April 12, 1978).

## IV. MOTION TO COMPEL

On August 17, 1978, Plaintiffs filed their First Request for production of Documents asking the Defendants to produce and to permit the Plaintiffs to inspect and copy certain documents. The Plaintiffs seek the itemized individual wage statements, embodying the number of hours worked, wages paid and other deductions, that were retained by the Defendants, given to any and all persons employed in field harvest labor from February 27, 1978 to March 10, 1978, or given by Ramaldo Perez or the Defendants Seal Produce and Russell to any of the named Defendant farm labor contractors. Plaintiffs also seek any and all records retained by the Defendants pursuant to 7 U.S.C. §§ 2045(e) and 2050c for work performed by any field workers. Section 2050c requires any person who is furnished a migrant worker by a farm labor contractor to maintain all payroll records including those items required in § 2045(e). Section 2045(e) requires a farm labor contractor to retain payroll records for each migrant worker. That subsection also requires the farm labor contractor to provide each worker with itemized wage statements. Section 2045(e) further demands that the farm labor contractor retain all other information required to be provided to a migrant worker under the remaining subsections of § 2045. Lastly, the Plaintiffs seek any and all records pursuant to 29 U.S.C. § 211(c). Section 211(c) requires an employer to retain records of persons employed by him predominantly for purposes of examination by the Administrator of the Wage and Hour Division of the Department of Labor.

The Defendants agreed to produce the documents which pertain to the named Plaintiffs. These documents have yet to be

produced. The Defendants objected to the production of these documents concerning other individuals largely because the request pertained to "all persons" and "all field harvest workers." The Defendants contended that such requests are vague and not sufficiently particular. Subsequent to Defendants' response, the Plaintiffs filed their motion to compel the production of these documents.

Rule 34 of the Federal Rules of Civil Procedure allows the Court to order any party to produce and permit the inspection and copying or photographing of any designated unprivileged documents which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Fed.R.Civ.P. 26(b) and which are in that person's possession, custody or control. Rule 26(b) provides that parties may obtain discovery regarding any matter not privileged which is relevant to the subject matter involved in the pending action. The federal rules of discovery are to be accorded a broad and liberal treatment. *See Dollar v. Long Mfg., N. C., Inc.,* 561 F.2d 613, 616 (5th Cir. 1977), *cert. denied,* 435 U.S. 996, 98 S.Ct. 1648, 56 L.Ed.2d 85 (1978). Federal law requires the Defendants to maintain the records requested in the Plaintiffs' Motion to Compel, and there is no doubt that such information is highly relevant to the subject matter involved. Further, the requests should not create an undue burden upon Defendants. The Plaintiffs have listed specific items and request documents which span a period of less than one month. The Defendants' objections as to vagueness and lack of particularity are specious. In addition, it is clear that the Plaintiffs would find it nearly impossible to provide notice to allegedly injured class members without the information requested. All information requested shall be granted except that the Court will not allow the Plaintiffs to proceed under 29 U.S.C. § 211(c) since it is not particularly applicable to private plaintiffs' suits. Since the information requested under § 211(c) is included within the other requests, the Court perceives no harm in this denial. Based upon the above it is hereby

ORDERED that the Defendants' Motion that this Action is Not Maintainable as a Class Action is GRANTED in part and DENIED in part to the extent that the Plaintiffs will be allowed to proceed with a class action only under the provisions of 29 U.S.C. § 216(b).

It is further ORDERED that the Defendants' Motion to Dismiss the Action for Injunction is GRANTED.

It is further ORDERED that the Defendant Jesse Russell's Motion to Dismiss for Failure to State a Cause of Action is DENIED.

It is further ORDERED that the Plaintiffs' Motion to Compel is GRANTED in part and DENIED in part to the extent that any attempt to gather information under 29 U.S.C. § 211(c) is DENIED. As to the remainder of the Plaintiffs' requests in said motion, the Defendants are ORDERED to produce and permit the inspection and copying or photographing of the requested material within forty-five days from the date of this Memorandum and Order. The inspection and copying or photographing may be performed at a time agreed by the Plaintiffs and the Defendants at the Defendants' place of business, during the normal business hours of Defendants. Any costs incurred by the Plaintiffs in these endeavors shall be assumed by the Plaintiffs.

It is further ORDERED that the Plaintiffs are hereby authorized to provide notice to potential plaintiffs-class members. The Plaintiffs have included such a notice within a proposed order submitted pursuant to S.D.Tex.R. 16 A [Appendix]. The Court will hold in abeyance its Order authorizing a sending of a specific notice so as to allow the Defendants ten days from the date of this Memorandum and Order to object solely to the form of such notice submitted by the Plaintiffs. The Court will allow the Plaintiffs an additional ten days after the submission of any objections to respond thereto.

APPENDIX A

PROPOSED ORDER

In the United States District Court
for the Southern District of Texas
Brownsville Division

| | | |
|---|---|---|
| Joaquin Riojas, Sr., et al. | )( | Civil Action No. B–78–73 |
| Plaintiffs | )( | ORDER DENYING MOTION OF THE DEFENDANTS TO |
| v. | )( | DISMISS CLASS ALLEGATIONS AND ORDER PROVID- |
| Seal Produce, Inc., et al. | )( | ING FOR NOTICE TO POTENTIAL CLASS MEMBERS. |
| Defendants | )( | |

[The first portion of the Plaintiffs' proposed order has been deleted by the Court because it has no relevancy to the issue of notice to the potential class]

ORDERED that as soon as the Plaintiffs have acquired the names of all field hand harvest workers employed by the Defendants during the period of February 27th through March 10, 1978, the parties will provide notice to said workers in English and in Spanish in the following manner:

LEGAL NOTICE TO ALL HAND HARVEST FIELD WORKERS WHO PICKED ONIONS FOR SEAL PRODUCE, INC., JESSE RUSSELL, JUAN PABLO GONZALEZ, APOLONIO JUARIQUI, VICENTE BARRIENTES, REYNALDO ESPINOSA, ESTEBAN CARDENAS, SANTIAGO CANTU, LUIS ORTEGA, JUAN GUERRA DURING THE PERIOD FEBRUARY 27th THROUGH MARCH 10, 1978.

To all onion harvesters who were employed by SEAL PRODUCE, INC., JESSE RUSSELL, JUAN PABLO GONZALEZ, APOLONIO JUARIQUI, VICENTE BARRIENTES, REYNALDO ESPINOSA, ESTEBAN CARDENAS, SANTIAGO CANTU, LUIS ORTEGA and JUAN GUERRA during the period February 27th through March 10, 1978.

A lawsuit has been filed in the United States District Court for the Southern District of Texas, Brownsville, Division in Brownsville, Texas by seventy persons against Seal Produce, Inc., Jesse Russell, Juan Pablo Gonzalez, Apolonio Juariqui, Vicente Barrientes, Reynaldo Espinosa, Esteban Cardenas, Santiago Cantu, Luis Ortega, and Juan Guerra.

These workers claim that they were paid less than $2.65 per hour and they are suing to recover these wages under the Federal Minimum Wage Law.

If you were employed picking onions for Jesse Russell, Seal Produce, Inc., Juan Pablo Gonzalez, Apolonio Juariqui, Vicente Barrientes, Reynaldo Espinosa, Esteban Cardenas, Santiago Cantu, Luis Ortega, and Juan Guerra, during the period of February 27th through March 10, 1978, and you believe that you were paid less than $2.65 an hour for all the hours that you worked, then you may make a claim to recover these wages.

The workers who have brought this case in court are represented by attornies of TEXAS RURAL LEGAL AID, INC., 305 E. Jackson, Suite 206, Harlingen, Texas, 78550, telephone number 512–423–3111.

IF YOU WISH TO MAKE A CLAIM for not earning an average of at least $2.65 an hour for all of the hours that you were employed, you must sign the form which is entitled "Notice of Consent" which is attached to this notice and mail it to the United States District Clerk,

P.O. Box 2299, Brownsville, Texas, 78520, or you may contact TEXAS RURAL LEGAL AID, INC. for assistance in doing so.

You do not have to file the consent form with the Court or to take any action unless you want to, it is completely voluntarily.

If you do not sign the consent form and file it with the Clerk, you will not be allowed to recover any back wages from this case if the Plaintiffs prevail in this case.

If you decide to mail the Notice of Consent to the court you will be bound by the judgment of the court on all issues in the case whether it is favorable or unfavorable to you.

This notice is only for the purpose of determining the identity of those persons who wish to be involved in this case and has no other purpose. There is no assurance at this time that the Court will grant any relief.

The law prohibits anyone from discriminating or retaliating against you for taking part in this case.

_____

**UNITED STATES DISTRICT JUDGE**

This notice and a consent form will be mailed by regular mail at Plaintiffs' expense. The notice will remain in effect for six months from the date that the names of the potential class members are provided to the Plaintiffs.

SIGNED FOR ENTRY this _____ day of _____, 1978.

_____

**UNITED STATES DISTRICT JUDGE**