Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

PRESTAMOS PRESTO PUERTO RICO, INC., a Corporation, Defendant.

Civ. No. 80–547.

United States District Court, D. Puerto Rico.

Aug. 19, 1981.

T. Timothy Ryan, Jr., Sol. of Labor, Washington, D.C., Francis V. LaRuffa, Regional Sol., New York City, Mary Z. Asseo, Associate Regional Sol., U.S. Dept. of Labor, Hato Rey, P.R., Edwin Tyler, for plaintiff.

Juan Carlos Pérez Olivo, Lespier & Toro, San Juan, P. R., for defendant.

OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

This matter is before the Court for consideration of plaintiff's Motion for Order to Compel Deponent to Answer Certain Matters and for the Production of Subpoenaed Document filed herein on June 11, 1981.

Specifically, plaintiff has moved that the Court enter an order allowing the deposition of Mr. Robert Selander, Vice President of Citibank, N.A., to be continued and com-

pelling said deponent to answer certain questions posed by plaintiff's counsel during the deposition and to produce the document requested by plaintiff in the Subpoena Duces Tecum which was duly served on deponent herein. The line of questioning referred to above relates to matters concerning the terms of the sale of stock of defendant corporation by Citibank Overseas Investment Corporation (hereafter COIC) to Associates Corporation of North America, and matters relating to the relationship between defendant and COIC, between COIC and Citibank, N.A., and between defendant and Citibank, N.A. The document subpoenaed by plaintiff is a "Stock Purchase Agreement" (or Purchase Agreement) between COIC and Associates Corporation of North America. Counsel for defendant objected to all of the aforesaid matters on the ground that the same are totally irrelevant to the subject matter involved in this action and outside the scope of discovery on the basis of the allegations in the complaint. Consequently, deponent, a non-party, on advice from defendant's counsel, did not answer the line of questioning here in issue nor did he produce the subpoenaed document. Extensive memoranda have been filed by both parties, after which the matter stands submitted for decision.

The basic philosophy of the present federal procedure is that prior to trial every party to a civil action is entitled to the disclosure of all relevant information in the possession of any person, unless the information is privileged. The scope of discovery allowed under the discovery procedure adopted by Rules 26 to 37 of the Federal Rules of Civil Procedure, as amended, has been made very broad and the restrictions imposed upon it are directed chiefly at the use of, rather than the acquisition of, the information discovered. Wright and Miller, Federal Practice and Procedure, Section 2001 (1970). As the Supreme Court stated in the leading case of *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 388, 91 L.Ed. 451 (1947), in regard to the role of the deposition-discovery process in the preparation for trial:

> "The way is now clear, consistent with recognized privileges, for the parties to obtain the fullest possible knowledge of the issues and facts before trial."

 Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part, that "parties" may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of the admissible evidence. The scope of discovery provided by this Rule is to be liberally construed so as to provide both parties with information essential to proper litigation on all the facts. *Mitsui & Co. v. Puerto Rico Water Resources Authority*, 79 F.R.D. 72 (D.C.P.R. 1978); *Mallinckrodt Chemical Works v. Goldman Sachs & Co.*, 58 F.R.D. 348, 352–53 (S.D.N.Y.1973). Also, see *Horizons Titanium Corp. v. Norton Co.*, 290 F.2d 421, 425 (1 Cir. 1961) (which case also involved subpoenas duces tecum served by plaintiff therein upon non-parties to the proceeding requiring the production of documents), wherein Circuit Judge Aldrich stated as follows:

> "This rule apparently envisions generally unrestrictive access to sources of information, and the courts have so interpreted it."

 The rule requires only that the information sought be "relevant to the subject matter involved in the pending action". The test is the relevancy to the subject matter of the action which is broader than the relevancy to the issues presented by the pleadings. *Félix A. Thillet, Inc. v. Kelly-Springfield Tire Company*, 41 F.R.D. 55 (D.C.P.R.1966); *Holliman v. Redman Development Corp.*, 61 F.R.D. 488 (1973). As stated by Judge Leibell in *Stevenson v. Melady*, 1 F.R.D. 329, 330 (D.C.N.Y.1940):

> "To limit an examination to matters relevant to only the precise issues presented by the pleadings, would not only be con-

trary to the express purposes of Rule 26 * * *, but also might result in a complete failure to afford plaintiff an adequate opportunity to obtain information that would be useful at the trial."

Further, Rule 26(b)(1) makes it clear that admissibility at trial is not a limitation on discovery provided that "the information sought appears reasonably calculated to lead to the discovery of admissible evidence". *U. S. v. International Business Machines Corp.*, 66 F.R.D. 180 (D.C.N.Y.1974). Therefore, the fact that the information sought may be inadmissible at trial does not bar discovery if it is relevant to the subject matter of the action and there is a reasonable possibility that the information sought may provide a lead to other evidence that would be admissible. *Duplan Corporation v. Deering Milliken, Inc.*, 397 F.Supp. 1146, 1187 (D.C.S.C.1975); *Scuderi v. Boston Insurance Company*, 34 F.R.D. 463 (D.C.Del. 1964); Moore's Federal Practice, Section 34.10; C. Wright, Law of Federal Courts, Section 81, at 359, n. 47 (2 Ed. 1970). Discovery will be permitted unless it is clear that the information sought can have no possible bearing upon the subject matter of the action. *Marshall v. Electric Hose and Rubber Company*, 68 F.R.D. 287, 295 (1975).

In the case at bar, one of the main issues in dispute between the parties is whether the violations charged to defendant under the Fair Labor Standards Act are of a willful nature, as alleged in plaintiff's complaint, and to which defendant has raised an affirmative defense claiming that the action is totally or partially barred by the statute of limitations. Plaintiff contends that information concerning the relationship between defendant corporation and Citibank Overseas Investment Corporation, and Citibank, N.A., is relevant to the issue of willfulness; that the line of questioning posed to the deponent herein seeks information that would establish the relationship of corporate defendant with COIC and Citi-

bank, N.A., in particular as to their supervision of defendant's operation, including among others their input in defendant's policies regarding wages, hours of work, working conditions and the applicability to defendant's operations of the provisions of the Fair Labor Standards Act, as well as its responsibility or accountability towards said corporations.

■ Defendant, on the other hand, contends that the matters objected to during the taking of deposition of Mr. Selander are totally irrelevant to the subject matter in this case. It maintains its affirmative defense on this issue, and in its reply memorandum to plaintiff's Motion to Compel alleges that the matters pertaining to the relationship which existed between Citibank and defendant were covered by plaintiff in its deposition of Ms. Alicia Echevarría,[1] who is also (like the deponent) employed by Citibank, N.A., a non-party to this proceeding. The position of defendant with regard to this matter is untenable and its objections are not well taken. Prior to the deposition here in issue it appears to have permitted a related line of questioning to some extent of other witnesses deposed by plaintiff. It cannot now be heard to protest said line of questioning on the grounds of lack of relevance, particularly when the deponent is a person who is in a position to have direct knowledge of the matters as to which plaintiff seeks inquiry. Therefore, plaintiff should not be precluded from gathering information reasonably calculated to lead to the discovery of admissible evidence.

The other matter in issue relates to the ultimate responsibility by defendant corporation towards plaintiff in the event of a judgment favorable to plaintiff. Plaintiff's contention is to the effect that part of the injunctive relief sought herein is to enjoin and restrain the withholding of minimum wage and overtime compensation which the Court may find due to employees of defend-

---

1. Plaintiff in its Reply Memorandum, filed July 28, 1981, asserts that although Ms. Echevarría spoke of a services of personnel contract between Citibank, N.A., and defendant, she stated that she had never seen it. Therefore, the matters pertaining to the relationship between defendant and the above-named corporations could not have been fully covered by plaintiff through said witness.

ant under the Act. It is further alleged by plaintiff, and admitted by defendant, that at the time this action was instituted, defendant corporation was a wholly-owned subsidiary of COIC, and that subsequently, COIC sold the entire corporate stock of defendant to Associates Corporation of North America. Through the use of discovery, plaintiff has ascertained that defendant has been operating with substantial losses, which fact, plaintiff contends, raises the question of defendant's financial ability to comply with the terms of a judgment providing a back wage remedy if plaintiff were to prevail herein. The fact of the sale of defendant's stock by its former parent corporation COIC to a third party has given rise to the issue presented by plaintiff which is clearly relevant to the subject matter of this action. The deponent herein was the person who actually acted on behalf of COIC in the negotiations of the sale of defendant's stock.

Applying the general principles set forth above to the facts of this case, at this stage of the proceeding it cannot be asserted, much less concluded by the Court, in an absolute and unequivocal manner, that the information sought by plaintiff as to the relationship between the defendant and COIC (its former holding company) and Citibank, N.A., and as to the facts pertaining to the terms of sale of defendant's stock by COIC, can have no possible bearing upon the subject matter of this action. Since at this stage the matters in dispute between the parties concerning such issues are not as well determined as at the moment of the trial, the Court must follow a more liberal standard of relevancy. The scope of examination should not be curtailed unless the information sought is clearly irrelevant, a circumstance the defendant has not shown to the Court. Neither has the defendant made a showing that the matters inquired into, and the document subpoenaed, are unreasonable and oppressive.[2] As stated by Judge Aldrich in *Horizons Titanium Corporation, supra,* at 426: "Concededly, it is burdensome to give testimony and to furnish documents relating to private or business matters, and the more so if the information sought redounds to the advantage of a legal or commercial opponent. But this is not 'oppression' within the meaning of the rules." See also *U. S. v. American Optical Company,* 39 F.R.D. 580 (D.C.Colo. 1966).

Accordingly, plaintiff's motion for an order requiring that the deposition of Mr. Robert Selander be reconvened and that the witness be required to answer all questions and line of questioning propounded during the deposition taken on June 3, 1981, including other questions suggested by or pertinent to the answers given, is GRANTED. Deponent Robert Selander is also ORDERED to produce on the date plaintiff reconvened his deposition, the so-called stock purchase agreement between COIC and Associates Corporation of North America in its entirety. Furthermore, plaintiff has leave of the Court to redepose any other witness of defendant who may have refused to answer questions on the same grounds alleged in the deposition of Mr. Selander.

IT IS SO ORDERED.

---

2. At no time prior to the taking of the deposition of Mr. Selander did either the deponent or defendant's counsel file any motion to quash the subpoena duces tecum served by plaintiff on these or any other grounds.