**Joe S. HICKMAN, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 46–85C.

United States Claims Court.

Oct. 11, 1985.

Charles M. Rand, Orlando, Fla., for plaintiff.

Elaine J. Guth, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, for defendant; Naomi Miske, Department of the Navy, Washington, D.C., of counsel.

## ORDER

NETTESHEIM, Judge.

Plaintiff has moved pursuant to RUSCC 37(a)(2) for an order compelling production of documents, which defendant opposes.

### FACTS

This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–19 (1982) (the "FLSA"), and is brought by Joe S. Hickman ("plaintiff"), a federal employee to whom coverage of the FLSA was extended by the Act of April 8, 1974, Pub. L. No. 93–259, § 6(d)(1), 88 Stat. 55 (1974) (codified at 29 U.S.C. § 216(b) (1982)). Plaintiff seeks recovery of overtime compensation under section 216(b) of the FLSA, which assesses liquidated damages for willful violations of the minimum and overtime pay mandates of sections 206 and 207, and challenges his classification as exempt under section 213(a)(1) from payment for overtime.

Plaintiff's complaint filed on January 24, 1985, reveals that he is employed by the David W. Taylor Naval Ship Research and Development Center (the "TR & DC"), which is within the Department of the United States Navy. Plaintiff is an Senior Electronics Technician, engaged in the performance of acoustical trials on Naval ships at the GS–12 level of the Acoustical Technician Detachment of the TR&DC, lo-

cated at Cape Canaveral, Florida. According to the complaint, plaintiff's job responsibilities and duties include the maintenance and operation of electronic equipment aboard the research ship MONOB. Plaintiff complains that he has been denied overtime compensation from June 1976 to the present, further averring that he has worked an average of 1700 to 1800 overtime hours per year. In his discovery motion, plaintiff also asserts that, although he was classified as non-exempt from 1974–76, his status under the FLSA and job description were changed in 1976 without any real change in his duties or work hours to justify the FLSA exemption.

On May 29, 1985, plaintiff served on defendant its first request for production of documents seeking, principally from 1974 to present: his personnel files; documents submitted by defendant to the Office of Personnel Management (the "OPM") regarding plaintiff's status of employment under the FLSA (defendant states that on July 20, 1984, the OPM determined plaintiff's position to be exempt under the FLSA and that his position had been reaudited in 1981 and 1984 with the same result); all classification evaluation statements for plaintiff's job position descriptions that were sent by defendant to the OPM; all documents supporting defendant's position that plaintiff is properly characterized as exempt from the FLSA; and written instructions by the OPM on which defendant relies to support its position.

Defendant resisted the following production request on the ground of irrelevancy: [1]

3. Any and all records depicting the hours worked and the compensation received by Plaintiff while employed by defendant from January 1, 1974 to date, including, but not limited to, time sheets, records and cards, payroll records, W-2 forms, etc.

The following request was objected to as both irrelevant and burdensome:

5. All cover sheets and job or employee position descriptions, including any amendments or updates thereto, from

June 1, 1974 to the present for Plaintiff and all employees of David W. Taylor Naval Ship Research and Development Center classified as exempt under the Fair Labor Standards Act as set forth in the attached letter of F.D. Harmon, Jr., dated May 28, 1976 [listing the names and pay grades of 39 other employees].

## DISCUSSION

The broad swath given to discovery requests pursuant to Fed.R.Civ.P. 26(b)(1) (identical to RUSCC 26(b)(1)), allowing discovery of all information that may lead to the discovery of admissible evidence, limits inquiry only to the subject matter of the action and applies to claims brought under the FLSA. *See Donovan v. Prestamos Presto Puerto Rico*, 91 F.R.D. 222, 223–24 (D.P.R.1981). The broad discretionary power to control discovery endowed by Fed.R.Civ.P. 26 is mirrored in RUSCC 26 with respect to disputes under the FLSA. *See Kinney Shoe Corp. v. Vorhes*, 564 F.2d 859, 864 (9th Cir.1977).

*Discovery Beyond the Three-year Statute of Limitations*

Defendant contends that the three-year statute of limitations applicable to willful violation of the FLSA as charged by plaintiff, 29 U.S.C. § 255(a); *Bebee v. United States*, 226 Ct.Cl. 308, 323–24, 640 F.2d 1283, 1293 (1981), bars plaintiff from discovery of documents emanating from a period longer than that which measures his potential monetary recovery, so that the discovery is irrelevant. Defendant also asserts that this discovery is burdensome and submits the Declaration of Don A. Mauzy, Aug. 22, 1985, the cognizant payroll supervisor, who describes the "extensive search" that has been undertaken to locate the requested payroll records. Mauzy Declr. ¶ 3. Mr. Mauzy avers that time cards are available from April 1980; overtime requests and authorizations and time and attendance sheets or statements of work performed, from 1981 to present; and records of actual pay, for various periods from October 1975

---

1. In its opposition defendant also argued that the request was burdensome.

to present. Defendant asks that if the discovery is allowed, plaintiff be required to bear the cost of duplication—a position not objectionable to plaintiff.

The Supreme Court in *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 352, 98 S.Ct. 2380, 2390, 57 L.Ed.2d 253 (1978), remarked: "[I]t is proper to deny discovery of ... events that occurred before an applicable limitations period unless the information is otherwise relevant to the issues in the case...." Plaintiff contends that since 1974 he has performed substantially the same duties and worked the same hours, but that his job description was changed incident to defendant's classification of plaintiff as nonexempt in 1976. The threshold relevancy of the information sought cannot be questioned.

■ *Adelman v. Nordberg Manufacturing Co.,* 6 F.R.D. 383 (D.Wisc.1947), the only case cited by defendant for the proposition that discovery in FLSA cases should be restricted to the applicable limitations period, confined discovery in that multiple-plaintiff action consistent with the six-year statute of limitations. Prior to the Portal-to-Portal Act of 1947, Pub.L. No. 49, 61 Stat. 87 (1947) (codified at 29 U.S.C. §§ 251–262 (1982)), which, *inter alia,* limited jurisdiction of the courts under the FLSA, H.R.Rep. No. 71, 80th Cong., 1st Sess. 1 (1947), *reprinted in* 1947 U.S.Code Cong. & Ad.News 1029, there was no uniform federal statute of limitations for the FLSA. The one-year period established in 1947 was enlarged to three years in 1966, Act of Sept. 23, 1966, Pub.L. No. 89–601, § 601(b), 80 Stat. 844 (1966) (codified at 29 U.S.C. § 255(a)), for willful violations of the FLSA. *Adelman* is an old case decided under another law and is not binding. *See Greenberg v. United States,* 1 Cl.Ct. 406, 407 (1983). Given plaintiff's strong show-

ing of relevance, rooted in what plaintiff will seek to show was an invalid change in his job description in 1976, the statute of limitations will not define the parameters of discovery of plaintiff's own records in this case.[2]

Mr. Mauzy's declaration demonstrates that the search undertaken by defendant to locate available and missing records was extensive and time-consuming. The burden of this discovery has already been assumed and the sources for retrieving existing hard copies of documents identified. Under the circumstances the requested discovery should be allowed, provided that plaintiff pays for the cost of duplication.

This ruling is grafted firmly to the posture of this case. It is at present a single-plaintiff action. An undue burden readily can be envisaged if multiple plaintiffs were to seek production of documents for a 15-year period (assuming a compelling showing of relevancy). *See* 4 J. Moore, *Moore's Federal Practice,* ¶ 26.56[1], at 26–104 (2d ed. 1984) ("In general, discovery can be had as to acts occurring prior to an alleged injury where otherwise relevant and not unduly burdensome."). Thus, defendant may be protected from the same discovery in a case in which the burden is greater because of the number of record searches involved.

*Discovery of Non-plaintiff Employees*

Plaintiff's request for the cover sheets and job descriptions from 1974 for the 39 other exempt employees of David W. Taylor is more problematic because of the peculiar status of collective and representative lawsuits under the FLSA. Section 216(b) of the FLSA provides in pertinent part:

> An action to recover ... liability ... may be maintained against any employer (including a public agency) in any Federal

---

**2.** Defendant has pleaded laches as an affirmative defense. This defense has not been considered in deciding this motion.

Plaintiff points out that *FTC v. Lukens Steel Co.,* 444 F.Supp. 803, 806 (D.D.C.1977), disfavors selective withholding of documents. Defendant made many of plaintiff's personnel records available antedating 1982, three years before

plaintiff sued, but resisted production of overtime and pay records before 1982. Although defendant did not do so here, it could have preserved its objection by submitting documents and noting that it reserved objection. Nonetheless, the court finds no waiver of defendant's objection in the circumstances presented.

or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought....

A thorough discussion of this provision appears in *Dolan v. Project Construction Corp.*, 725 F.2d 1263 (10th Cir.1984). The Tenth Circuit tracked the statutory history of the FLSA in commenting on the deliberate congressional effort to limit the nature of a class action suit based upon an alleged FLSA violation in section 5 of the Portal-to-Portal Act, 61 Stat. 87, adding the portions of section 216(b) quoted above. The Tenth Circuit remarked:

While still providing for collective and representative actions, ... [Congress] intended to severely limit the burden on the defendant and the participation of the court. Indeed, within the policy statements of the Portal-to-Portal Act of 1947, the following statement is included:

Section 1(b)(3)—"[A policy of this Act is] to define and limit the jurisdiction of the courts."

725 F.2d at 1267. It is also true that the House Report was attentive to the financial burden on the employer of discovery addressed to all affected employees in suits maintained as class actions under the FLSA. *See* H.R. Rep. 71, 80th Cong., 1st Sess. (1947), *reprinted in* 1947 U.S. Code Cong. & Ad. News 1029, 1032.

This amendment to section 216(b) produced disparate decisions on the question of whether, and to what extent, a court would serve notice on prospective plaintiffs. *See Dolan*, 725 F.2d at 1266 (citing, *inter alia*, *Kinney Shoe Corp. v. Vorhes*, 564 F.2d 859 (9th Cir.1977); *Braunstein v. Eastern Photographic Laboratories, Inc.*, 600 F.2d 335 (2d Cir.1978); and *Woods v. New York Life Insurance Co.*, 686 F.2d 578 (7th Cir. 1982)). Of pertinence to this case is that the courts debating this issue have ruled on whether to allow discovery of names and addresses of all employees or categories thereof. The Tenth Circuit in *Dolan* remarked:

Discovery into the patterns and practices of the employer may uncover violations of the statute affecting other employees. We do not intend to limit discovery that would be normally available in cases of this sort, even though it might reveal identities of other potential plaintiffs.

725 F.2d at 1267 n. 4. *Dolan* cited as authority the Ninth Circuit in *Kinney Shoe Corp.*, wherein the court opined that although the employee list could not be produced for the purpose of requiring the court to give notice,

[w]e cannot say that the district court would be entirely without a sustainable basis for its order. *Cf., e.g., Burns v. Thiokol Chemical Corp.*, 483 F.2d 300, 306 (5th Cir.1973) (in Civil Rights Act suit statistics showing a past history of bi-racial employment discoverable as relevant despite absence of both "pattern or practice" claim and class allegation.)....

564 F.2d at 864.

Here plaintiff seeks more information than an employee list. The only FLSA case to which he cites ordering discovery beyond names and addresses of other employees, *Riojas v. Seal Produce, Inc.*, 82 F.R.D. 613 (S.D.Tex.1979), permitted discovery of any and all records for work performed by field workers for a 45–day period. Noting that "the requests should not create an undue burden upon Defendants ...", the district court pointed out that requests "span a period of less than one month...." 82 F.R.D. at 620. Assuming, *arguendo*, that the protective policies, as embodied in statutes and regulations, for migrant farm workers apply with equal force to employees of the federal government, the disparity between 45 days and 11 years for discovery requests in the *Riojas* and this case is obvious.

Moreover, the relevance of the documentation sought here appears tangential. Plaintiff seeks information as to other exempt employees (who are GS–11 or 12).

Presumably the information sought is to show the type of "pattern or practice" which is the grist of Civil Rights Act cases. However, the FLSA, unlike the Civil Rights Act, does not attach liability to the existence of a "pattern or practice."

■ The dictum in *Kinney Shoe,* cited with approval by the Tenth Circuit in *Dolan,* is not persuasive. The analogy to Civil Rights Act cases is flawed. Although the willfulness of defendant's refusal to comply with the FLSA is actionable, the case turns on the facts with respect to the affected plaintiff. *See Martin v. Penn Line Service, Inc.,* 416 F.Supp. 1387, 1389–90 (W.D.Pa.1976); *Reeves v. International Telephone & Telegraph Corp.,* 357 F.Supp. 295, 302 (W.D.La.1973), *aff'd,* 616 F.2d 1342, 1351 (5th Cir.1980), *cert. denied,* 449 U.S. 1077, 101 S.Ct. 857, 66 L.Ed.2d 800 (1981). At this point plaintiff sues by himself. The deliberate congressional policy to limit the onus of FLSA actions to the type of representative action provided for in the Portal-to-Portal Act counsels against expanding discovery to encompass the type of class action that Congress sought to avoid.

### CONCLUSION

Based on the foregoing, plaintiff's motion to compel production of documents is granted in part and denied in part.

IT IS ORDERED, as follows:

1. Defendant shall produce, and plaintiff shall bear the cost of producing, the documents called for in plaintiff's request no. 3, except to the extent they have been provided already.

2. Plaintiff's motion is otherwise denied.

3. Since the opposition to plaintiff's motion was substantially justified, each party shall bear its own expenses.