Marion Eugene **CAVANAUGH, Plaintiff,**

v.

**TEXAS INSTRUMENTS, INC., Defendant.**

**Civ. A. No. 75–H–617.**

United States District Court, S. D. Texas, Houston Division.

Nov. 15, 1977.

Elizabeth Dianne Richards, George C. Dixie, Houston, Tex., for plaintiff.

Wayne S. Bishop, Dennis M. Race, Washington, D. C., Akin, Gump, Strauss, Hauer & Feld, Judith S. Waldman, Texas Instruments, Inc., Dallas, Tex., for defendant.

## ORDER

SINGLETON, District Judge.

The above-styled-and-numbered cause is a civil action brought pursuant to 29 U.S.C. §§ 621 *et seq.*, the Age Discrimination in Employment Act of 1967 (ADEA), in which plaintiff seeks monetary damages arising from unlawful age discrimination allegedly committed by defendant in its employment practices. Now pending before the court are plaintiff's motions to add additional parties pursuant to Fed.R.Civ.P. 21 and to file an amended complaint. Defendant has opposed both of these motions in part. Preliminarily, a short statement of the facts relevant to these motions is necessary.

## FACTS

Plaintiff, Marion Eugene Cavanaugh, worked for defendant, Texas Instruments,

Inc. ("TI"), as an engineer in Houston beginning in December of 1968, until he voluntarily terminated his employment in June of 1974. Plaintiff gave notice of intent to file suit against TI to the Department of Labor in December, 1974.[1] In his complaint given to the Department of Labor along with this notice, plaintiff alleged that he was coerced to leave the employ of TI because of the overall attitude of age discrimination evidenced in TI's promotion, transfer, and compensation policies.

Daniel Smith and Stephen Baird, two other former engineers of TI who were laid off without right of recall allegedly as a result of TI's policy of age discrimination, now seek to be added as plaintiffs in this action. All three individuals are similarly situated with respect to ADEA and their experience at TI in that: (1) they are all between the age of 40 and 65 years; (2) they were all employees of TI occupying "Individual Contributor and/or Engineer" positions of a nonmanagerial status; (3) they all discontinued employment with TI in 1974 or 1975; and (4) they all complain of the same pattern of discrimination and seek the same affirmative relief in their amended complaint.

Stephen Baird received notice that he was being laid off on May 9, 1975, but drew an additional 22 weeks' salary at his regular rate. Baird sent notice of his intent to file suit against TI to the Department of Labor sometime in February, 1976. Daniel Smith received notice that he was being laid off on April 16, 1975, and filed notice of his intent to sue TI with the Department of Labor within 180 days of his termination.

Plaintiff's original complaint seeks only monetary damages from TI for alleged age discrimination. Besides seeking to add Stephen Baird and Daniel Smith as consenting plaintiffs pursuant to 29 U.S.C. § 216(b), plaintiff seeks leave to amend his complaint

to request back pay, lost employee benefits, compensatory damages for pain and suffering, liquidated damages, an injunction mandating reinstatement, a declaratory judgment that the defendant violated plaintiff's rights under ADEA and a permanent injunction prohibiting the same, and costs and attorneys fees. The amended complaint requests these forms of relief in favor of the original plaintiff and the consenting plaintiffs Baird and Smith.

## MOTION TO ADD ADDITIONAL PLAINTIFFS

Plaintiff Cavanaugh's motion to add Stephen Baird and Daniel Smith as consenting plaintiffs is grounded on 29 U.S.C. § 216(b) of the Fair Labor Standards Act, made applicable to ADEA pursuant to 29 U.S.C. § 626(b). Section 216(b) provides in relevant part that

[an] [a]ction to recover such liability may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.[2]

The consents in writing to become plaintiffs of Stephen Baird and Daniel Smith have been filed with this motion.

Defendant does not object to the addition of Daniel Smith as plaintiff and the motion will be granted as to this individual. Defendant does oppose the addition of Stephen Baird on the ground that Baird failed to timely file a notice of intent to sue with the Department of Labor. The requirement of notifying the Department within

---

1. "I hereby give notice of intent to file suit against Texas Instruments, Inc. in behalf of my client Marion Eugene Cavanagh [sic] under the Age Discrimination in Employment Act of 1967."

2. The Fifth Circuit has interpreted Section 216(b)'s "opt in" type of class action as the only type available under ADEA, thus disallowing the use of Fed.R.Civ.P. 23. *La Chapelle v. Owens-Illinois, Inc.,* 513 F.2d 286 (5th Cir. 1975).

180 days after alleged discriminatory acts is found in 29 U.S.C. § 626(d).[3]

■ In the context of a suit under ADEA brought by a single individual, the Fifth Circuit has held that timely compliance with section 626(d) is a prerequisite to federal jurisdiction. *Powell v. Southwestern Bell Telephone Co.*, 494 F.2d 485 (5th Cir. 1974). *See also, Hays v. Republic Steel Corp.*, 531 F.2d 1307 (5th Cir. 1976). However, plaintiff contends that (1) section 626(d) should not be construed as a jurisdictional prerequisite to Stephen Baird's joining this action pursuant to section 216(b) to raise the identical issues presented by plaintiffs Cavanaugh and Smith who have filed timely notices with the Department of Labor; and (2) Stephen Baird's February, 1976, notice to the Department of Labor was timely filed.

■ Plaintiff's first contention raises a question involving the relationship of 29 U.S.C. §§ 216(b) and 626(d) which has not been resolved in this circuit, to wit: whether section 216(b) permits one or more plaintiffs who have timely complied with section 626(d) to maintain an action under ADEA on behalf of similarly situated individuals who have filed the necessary consents under section 216(b) but have not filed timely notices with the Department of Labor. The court has been referred to several district court decisions falling on both sides of this question[4] and agrees with the reasoning of the decisions allowing the representative plaintiffs to satisfy section 626(d)'s notice requirement on behalf of similarly-situated consenting plaintiffs.

The court believes that the purposes of section 626(d)'s notice requirement[5] are fully served as to all similarly-situated individuals if one or more representative plaintiffs have filed a timely notice with the Department of Labor. The Department thereby receives notice of a particular discriminatory practice sufficient to determine whether agency litigation should be initiated, and the employer is made aware of the prospect of litigation if conciliation efforts do not succeed. Moreover, it would be wasteful to force every similarly-situated individual to "go through the repetitive and doubtlessly futile motions of another agency notice and waiting period." *Pandis v. Sikorsky Aircraft Division of United Technologies Corp.*, 431 F.Supp. 793 (D.Conn.1977).

The court is further persuaded to this result by the fact that most courts presented with the question have applied a similar rule in Title VII cases in which an identical jurisdictional prerequisite of providing notice to an administrative agency (EEOC) exists. In class actions under Title VII, the Fifth Circuit stated that

[i]t would be wasteful, if not vain, for numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC. If it is impossible to reach a settlement with one discriminatee, what reason would there be to assume that the next one would be successful. The better approach would appear to be that once an aggrieved person raises a particular issue with the EEOC which he has standing to raise, he may bring an action for himself and the class of persons similarly situated . . . .

3. "No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed——(1) within one hundred and eighty days after the alleged unlawful practice occurred . . . ."

4. *Requiring individual notice to Department of Labor: McCorstin v. U. S. Steel*, F.Supp., 11 FEP Cases 1478 (N.D.Ala.1974); *Oshiro v. Pan American World Airways*, 378 F.Supp. 80, 8 FEP Cases 446 (D.Haw.1974); *Price v. Maryland Cas. Co.*, 62 F.R.D. 614 (S.D.Miss.1972).

*Allowing notice by nominal plaintiff to suffice as to consenting plaintiffs: Burgett v. Cudahy Co.*, 361 F.Supp. 617 (D.Kan.1973); *Misretta v. Sandia Corp.*, F.Supp., 12 FEP Cases 1225 (D.N.M.1975); *Pandis v. Sikorsky Aircraft Div. of United Technologies Corp.*, 431 F.Supp. 793 (D.Conn.1977).

5. *See Edwards v. Kaiser Aluminum & Chem. Sales, Inc.*, 515 F.2d 1195, 1198 (5th Cir. 1975); *Powell v. Southwestern Bell Tel. Co.*, 494 F.2d 485, 488 (5th Cir. 1974).

*Oatis v. Crown-Zellerbach Corp.*, 398 F.2d 496, 498 (5th Cir. 1968).

■ While this reasoning is fully applicable to ADEA actions, two limitations must also be applied to be consistent with the purposes of section 626(d). First, any consenting plaintiffs who have not complied with the notice requirements of that section must be limited to the categories of claims raised before the Department of Labor by the representative plaintiffs.

■ Secondly, the representative plaintiff in an ADEA action may only represent those similarly-situated individuals who could have timely complied with section 626(d)'s notice requirement as of the date of the representative plaintiff's filing with the Department of Labor. *See Pandis, supra* at 798. Because the plaintiff's amended complaint states facts which, if true, satisfy both of the above requirements, the court will grant the motion to add Stephen Baird as a consenting plaintiff in this cause and need not consider plaintiff's alternative ground for joining Baird in this cause.

## MOTION TO AMEND THE COMPLAINT

■ Defendant does not generally oppose this motion but moves to strike the amended complaint as to certain of the types of relief sought. First, defendant contends that plaintiffs' prayer for lost wages in the form of minimum wage and overtime compensation is inappropriate because plaintiffs were exempt salaried employees under the Fair Labor Standards Act of 1938 (FLSA). Section 213(a)(1) of 29 U.S.C. provides an exemption from the minimum wage and overtime requirements of the FLSA as to profession of employees. However, the ADEA, section 626(b) of title 29, provides that "amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation . . . ." Therefore, the court finds that Congress did not intend to incorporate the exemptions of the FLSA into the ADEA and that defendant's motion to strike this portion of the amended complaint should be denied.

Secondly, defendant contends that plaintiffs' request for a declaratory judgment is improper, citing the following portion of the note of the Advisory Committee for Fed.R.Civ.P. 57, and decisions applying that note to deny declaratory relief in analogous Title VII actions.[6]

A declaration may not be rendered if a special statutory proceeding has been provided for the adjudication of some special type of case, but general ordinary or extraordinary legal remedies, whether regulated by statute or not, are not deemed special statutory proceedings.

Because the court finds that 29 U.S.C. § 626 is such a special statutory provision, the court will not consider at this point the declaratory-relief prayer of the amended complaint. However, the defendant's motion to strike will not be granted because declaratory relief could still be granted if special circumstances exist. *See Katzenbach v. McClung*, 379 U.S. 294, 296, 85 S.Ct. 377, 13 L.Ed.2d 290 (1964); *see also Roberson v. Great American Insurance Companies of New York*, 48 F.R.D. 404, 424 (N.D. Ga.1969).

Thirdly, defendant moves to strike plaintiffs' request for liquidated damages on the same basis that it moved to strike the prayer for unpaid minimum wages and overtime pay. The reason for the court's denial of the latter applies here and defendant's motion will be denied.

■ Lastly, defendant contends that plaintiffs' prayer for injunctive relief and damages for pain and suffering is improper under the ADEA. Defendant's motion to strike will be granted as to plaintiffs' prayer for damages for pain and suffering, based on the Fifth Circuit's recent decision in *Dean v. American Security Insurance Co.*, 559 F.2d 1036 (5th Cir. 1977). However, the court finds that the language of 29 U.S.C. § 626(b) and (c) authorizing the court to grant, and the plaintiff to seek,

---

**6.** *See Roberson v. Great Am. Ins. Cos. of N. Y.*, 48 F.R.D. 404, 423 (N.D.Ga.1969); *Wilson v. Sharon Steel Corp.*, 399 F.Supp. 403, 11 FEP Cases 145, 149 (W.D.Pa.1975).

"such legal and equitable relief as [will] effectuate the purposes of this chapter . . ." displaces any limitation contained in 29 U.S.C. § 216(b) or *Wirtz v. Jones*, 340 F.2d 901 (5th Cir. 1965), on equitable relief in private actions under ADEA. *See Morelock v. NCR Corp.*, 546 F.2d 682 (6th Cir. 1976).

Therefore, for the above-stated reasons, it is ORDERED

(1) that plaintiff's motions to add Daniel Smith and Stephen Baird as consenting plaintiffs and to amend the complaint be GRANTED; and

(2) that defendant's motion to strike the amended complaint be GRANTED as to plaintiff's prayer for damages for pain and suffering and DENIED in all other respects.