**Byron J. SHUSTER, Fred Goldschmidt and Harvey Leo Leff, Plaintiffs,**

v.

**FEDERATED DEPARTMENT STORES, INC. and Richway, Inc., Defendants.**

Civ. A. No. C 80–1049 A.

United States District Court, N. D. Ga., Atlanta Division.

Dec. 29, 1980.

A. Glen Steedley, Jr., and W. Wheeler Bryan, Atlanta, Ga., for plaintiffs.

John K. Anderson and Timothy W. Johnson, Smith, Currie & Hancock, Atlanta, Ga., for defendants.

## ORDER

VINING, District Judge.

The plaintiffs brought this action under the Age Discrimination in Employment Act of 1967 ("Act"), as amended, 29 U.S.C. §§ 621–634. The complaint alleges that each plaintiff was unlawfully discharged on account of his age, forming the basis of their respective charges of willful discrimination. Of the three plaintiffs, only Harvey Leff failed to file a timely charge with the Equal Employment Opportunity Commission ("EEOC"), and on that basis the defendants move, pursuant to Rule 12(b)(1), Fed.R.Civ.P., for partial judgment on the pleadings with respect to all of the allegations and counts made in the complaint concerning Mr. Leff.

The filing provisions of the Act are contained in 29 U.S.C. § 626(d), which provides:

> No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Secretary. Such a charge shall be filed—
>
> (1) within 180 days after the alleged unlawful practice occurred.

Mr. Leff was discharged by defendant Richway, Inc., on August 16, 1979, and well over 180 days had passed before he filed his charge with the EEOC. It is well settled that the filing of a timely charge with the EEOC (formerly the Secretary of Labor)[1] is a jurisdictional prerequisite to bringing a civil action in federal court under the Act. *Coke v. General Adjustment Bureau, Inc.,* 616 F.2d 785 (5th Cir. 1980); *Templeton v. Western Union Telegraph Co.,* 607 F.2d 89 (5th Cir. 1979); *Newcomer v. International Business Machines Corp.,* 598 F.2d 968 (5th

---

1. The President's Reorganization Plan No. 1 of 1978, transferred enforcement of this Act from the Secretary of Labor to the EEOC.

Cir.), *cert. denied,* 444 U.S. 984, 100 S.Ct. 491, 62 L.Ed.2d 413 (1979).

Plaintiff Leff points out that both he and plaintiff Shuster have alleged that they were discharged from their employment on the same date, that they were so notified by the same employee of defendant Richway, Inc., and that since the defendants do not challenge the timeliness of Mr. Shuster's charge, Mr. Shuster's timely charge "satisfies the notice requirements as to Plaintiff Leff." While at first blush that argument appears inconsistent with the Fifth Circuit's recognition that it is a jurisdictional prerequisite to filing suit that a charge be filed with the EEOC within 180 days of the date of the alleged violation, there is substantial support for Mr. Leff's position, though the issue has not been settled. The Fifth Circuit has considered the issue in cases brought under Title VII, which has comparable filing provisions,[2] and in the latest decision, *Crawford v. Western Electric Company,* 614 F.2d 1300, 1308 (5th Cir. 1980), it noted the status of the issue to be as follows:

> We note that the law regarding nonfiling plaintiffs, where at least some plaintiffs have filed EEOC charges, is in a state of flux. Some of our cases seem to allow nonfiling plaintiffs, when class certification is denied, to join in a suit brought by filing plaintiffs, at least to the extent of the charges filed against defendant-respondent with the EEOC by the filing plaintiffs.... Other decisions do not allow this.

Unfortunately, the *Crawford* court "decline[d] to decide the question." 614 F.2d at 1308.

While the cases are indeed mixed, the most complete discussion by the Fifth Circuit is contained in *Wheeler v. American Home Products Corp.,* 582 F.2d 891 (5th Cir. 1977), wherein the court allowed individuals who had failed to file timely charges with the EEOC to intervene in a nonclass action suit and sue for back pay since they were situated exactly as the original plaintiffs who had filed timely charges. The court stated:

> If back pay may properly be awarded in a class action to members of the class we [*sic*] do not meet the jurisdictional requisites, there seems no reason, in an action not a class action, to deny back pay to intervenors who do not meet the jurisdictional requisites. The same policy is the guide in both instances, a policy that back pay should be awarded as part of the Congressional purpose to eliminate "a historic evil of national proportions," [cite omitted].... [I]t would frustrate the Congressional purpose expressed in Title VII if there were a rule which produced different results for discriminatory practices in situations governed by the same policy.

582 F.2d at 897. *See Bernard v. Gulf Oil Co.,* 596 F.2d 1249 (5th Cir. 1979).

While several district courts have considered the issue under the Act, they have reached opposite conclusions. An excellent discussion of the issue is contained in *Cavanaugh v. Texas Instruments, Inc.,* 440 F.Supp. 1124 (S.D.Tex.1977), wherein the court lists the various cases falling on both sides of the issue[3] and concludes as follows:

> The court believes that the purposes of section 626(d)'s notice requirement are fully served as to all similarly-situated individuals if one or more representative plaintiffs have filed a timely notice with the Department of Labor. The Department thereby receives notice of a particular discriminatory practice sufficient to determine whether agency litigation should be initiated, and the employer is made aware of the prospect of litigation if conciliation efforts do not succeed. Moreover, it would be wasteful to force every similarly-situated individual to "go through the repetitive and doubtlessly futile motions of another agency notice and

---

2.  *See Coke v. General Adjustment Bureau, Inc.,* 616 F.2d 785, 787 n.2 (5th Cir. 1980), and *Hodgson v. First Federal Savings & Loan Ass'n.,* 455 F.2d 818, 820 (5th Cir. 1972).

3.  440 F.Supp. 1124, 1127 n.4.

waiting period." *Pandis v. Sikorsky Aircraft Division of United Technologies Corp.*, 431 F.Supp. 793 (D.Conn.1977). 440 F.Supp. at 1127. This court finds the reasoning of the *Cavanaugh* court to be persuasive and applicable to the facts of this case. The basic purpose of the filing requirements, *viz.*, "to provide the Department with sufficient information so that it may notify prospective defendants and to provide the Secretary with an opportunity to eliminate the alleged unlawful practices through informal methods of conciliation," H.R.Rep.No.950, 95th Cong., 2d Sess. 12, *reprinted in* [1978] U.S.Code Cong. & Ad. News 504, 534; *Blankenship v. Ralston-Purina Co.*, 62 F.R.D. 35 (N.D.Ga.1973), is completely served by the charge filed by Mr. Shuster. Here, Mr. Leff and Mr. Shuster are similarly situated, and when the EEOC representative initially contacted John Goodyear, Richway director of personnel and employee relations, to attempt conciliation, his efforts concerned Mr. Leff as well as the other plaintiffs. Thus, the inclusion of Mr. Leff in no way delayed or hampered the conciliation efforts (though incomplete) by the EEOC, and the defendant was in no way prejudiced by Mr. Leff's failure to file a timely charge.

Additionally, the court attaches importance to the legislative amendment to section 626(d), which section concerns the necessity of each individual plaintiff filing a timely charge with the Secretary of Labor before bringing a civil action. Prior to the amendment, effective April 6, 1978, that section provided in pertinent part:

> No civil action may be commenced by any individual under this section *until the individual* has given the Secretary not less than sixty days' notice of intent to file such action. Such notice shall be filed—
> (1) within one hundred and eighty days after the alleged unlawful practice occurred. (Emphasis added).

As quoted previously, the present statute reads as follows:

> No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimi-

nation has been filed with the Secretary. Such a charge shall be filed—
> (1) within 180 days after the alleged unlawful practice occurred.

Hence, Congress eliminated the literal requirement that the specific plaintiff in the civil action file a timely notice with the Secretary of Labor. Because the court does not believe that Congress would perform a useless act, it finds additional support in this amendment for Mr. Leff's position. Also, a ruling in favor of Mr. Leff is in harmony with Congress' express intent in enacting the amendments to the Act: "The purpose of these amendments is to make it more likely that the courts will reach the merits of the cases of aggrieved individuals and do so more expeditiously." S.Rep.No. 493, 95th Cong., 2d Sess. 12, *reprinted in* [1978] U.S.Cong. & Ad.News, 504, 515. Thus, the purposes of the Act are furthered by permitting Mr. Leff's allegations under the Act to be considered on their merits. In light of *Wheeler, Cavanaugh*, the legislative history, and the facts of this case, the court believes that Mr. Shuster's charge, which was timely filed, suffices to establish jurisdiction on behalf of Mr. Leff. For the foregoing reasons, the defendants' motion for partial judgment on the pleadings is DENIED.

■ The defendants have also filed a motion for partial stay of the proceedings pending conciliation. Section 626(b) of the Act provides in pertinent part: "Before instituting any action under this section, the Secretary shall attempt to eliminate the discriminatory practice or practices alleged, and to effect voluntary compliance with the requirements of this Act through informal methods of conciliation, conference, and persuasion." Where sufficient efforts at voluntary compliance have not been made, the court has the power to order a stay of the proceedings while compliance is attempted. *Marshall v. Sun Oil Company (Delaware)*, 605 F.2d 1331 n.8 (5th Cir. 1979); *Brennan v. Ace Hardware Corp.*, 495 F.2d 368 (8th Cir. 1974); *Marshall v. Newburg R–2 School District*, 469 F.Supp. 1030 (E.D.Mo.1979); *see* S.Rep.No.493, 95th

Cong., 2d Sess. 13, *reprinted in* [1978] U.S. Code Cong. & Ad.News, 504, 516. The defendants have moved for a stay of all proceedings and matters in this case as regards only plaintiffs Shuster and Goldschmidt. The plaintiffs do not oppose the granting of the partial stay pending conciliation so long as the stay applies to plaintiff Leff as well. The court concludes that a stay pending conciliation is in order and since the court has already denied the defendants' motion for partial judgment on the pleadings, the stay will also apply to all proceedings concerning plaintiff Leff.

In sum, the defendants' motion for partial judgment on the pleadings is DENIED; additionally, all proceedings are STAYED pending conciliation.