**Gloria C. FOSTER, individually and on behalf of all other persons similarly situated, Plaintiff,**

v.

**CBS RECORDS, DIVISION OF CBS, INC., Defendant.**

**No. 84 Civ. 5619(PNL).**

United States District Court, S.D. New York.

Jan. 22, 1986.

Hockert & Flamm, New York City, for plaintiff.

Graubard Moskovitz McGoldrick Dannett & Horowitz, New York City, for defendant.

LEVAL, District Judge.

This action is brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. Plaintiff Gloria Foster claims she was terminated by defendant CBS Records, Inc., because of her age. The complaint includes a claim of class-wide age discrimination. Plaintiff moves for an order under 29 U.S.C. § 216(b) (covering class actions un-

der the ADEA) permitting her to distribute a court-authorized Notice of Pendency and Consent to Join Action.[1] Defendant cross-moves to dismiss the part of plaintiff's claim that purports to be on behalf of a similarly situated class. Plaintiff's motion is denied; defendant's is granted.

*Facts and Contentions*

The following facts appear to be undisputed. Plaintiff Foster was a 59-year-old managerial employee of CBS when she was discharged on August 12, 1982. She had worked for defendant for 26 years and was terminated as part of a reduction-in-force program which CBS instigated allegedly for economic reasons. At least 300 CBS employees were discharged under this program.

On about August 31, 1982, plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"). Her EEOC charge did not allege class-wide age discrimination by defendant.[2] The EEOC investigated the charge and met with defendant in an attempt to conciliate the dispute. On August 8, 1984, plaintiff filed this complaint.

DISCUSSION

As a prerequisite to all actions under ADEA, a complainant must file a charge with the EEOC within 180 days of the occurrence and thereafter wait 60 days be-

---

**1.** Class actions under the ADEA are governed by the procedures of the Fair Labor Standards Act, 29 U.S.C. § 216(b) which provides "[n]o employee shall be a party plaintiff ... unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

**2.** Although plaintiff alluded to other potential instances of *race* discrimination in her EEOC charge, she did not include references to *age* discrimination claims of others. Plaintiff claims that this omission was due to the fact that she was acting *pro se*, and that she only knew the visual characteristics (e.g. race) of other employees discharged under the 1982 reduction in force at the time she filed the charge. She also notes that EEOC personnel assured her that the charge need not be too detailed but should only be a short statement of her claim. These proffered explanations miss the point of the inquiry. There is no claim here that

plaintiff should lose any right of hers. If defendant were moving to dismiss plaintiff's suit by reason of her failure to comply with legal technicalities, such explanations would be pertinent. See *Reich, supra*, 575 F.2d at 376 (Feinberg, J., dissenting); *Dartt, supra*, 539 F.2d at 1261; *Franci v. Avco Corp.*, 460 F.Supp. 389, 394 (D.Conn.1978); *Woodford v. Kinney Shoe Corp.*, 369 F.Supp. 911, 915 (N.D.Ga.1973).

Here, however, the issue is whether the claims of others have been preserved. Plaintiff's lack of legal expertise has no bearing on the fact that other employees did not assert timely claims. There is no showing that such other employees were in any way relying on plaintiff to fulfill their obligations under the statute. Moreover, it appears that plaintiff was represented by counsel within one month after she filed her original charge and could then have filed an amended charge to include a class claim.

fore filing suit in federal court. See 29 U.S.C. § 626.[3] These requirements seek to bar discrimination suits in which the accusation of improper motivation is not placed on the table with reasonable promptness. They seek to prevent subsequently contrived accusations from serving as the basis of court actions. The filing requirement and waiting period are designed to give the EEOC an opportunity to conciliate the dispute informally and the employer a chance to rectify voluntarily the alleged violation, thereby avoiding a court action. See *Reich v. Dow Badische Co.*, 575 F.2d 363, 368 (2d Cir.), *cert. denied*, 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978); *Dartt v. Shell Oil Co.*, 539 F.2d 1256, 1261 (10th Cir.1976), *aff'd per curiam by an equally divided court*, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977); *Forman v. Block Drug Co.*, 16 FEP Cases 414, 417 (E.D.N.Y.1977); *Burgett v. Cudahy*, 361 F.Supp. 617, 621 (D.Kan.1973).

Such a limitation is of particular importance for age discrimination claims. Under this statute everyone who lives out a substantial part of his life expectancy is a potential plaintiff. Virtually everyone in the work force at some point fails to get something they might have wanted. Whether the person was fired or merely failed to be chosen for a raise or promotion, he or she is a potential plaintiff if over 40. By adopting the requirement of a prompt administrative charge, Congress unquestionably sought to limit the potential for the filing of suits based on tardy reassessments.

Assuming that among those laid off in CBS's force reduction, there are some who were over 40 years of age at the time, they would have been eligible to sue under ADEA if they had brought timely charges with the EEOC. They did not do so. They are, therefore, unquestionably barred from asserting an action under ADEA today. Plaintiff does not contest this. Plaintiff argues, however, that because she asserted a timely charge in her own behalf with the EEOC, and now purports to sue in court on behalf of others, the time barred charges of the others should be revived. Plaintiff wishes to send notices to these persons advising them of her lawsuit and inviting them to join. It can be expected that most or all of them will become convinced upon receipt of plaintiff's notice that he or she was a victim of age discrimination and will opt into plaintiff's suit. Although they never made a charge and would now be barred from bringing their own suit, the bar would disappear only because plaintiff now chooses to designate her court complaint as a class action. I can see no reason why this should be so.

In passing ADEA, Congress adopted a clear rule and policy to bar claims that were not promptly presented to EEOC in the form of a charge. The ruling sought by plaintiff would undercut that policy and rule.

A different ruling might be appropriate if the representative plaintiff's EEOC charge had been asserted on behalf of the class. See *Mistretta v. Sandia Corp.*, 639 F.2d 588, 593–94 (10th Cir.1980); *Bean v. Crocker Nat'l. Bank*, 600 F.2d 754, 759 (9th Cir.1979); *Burgett, supra*, 361 F.Supp. at 625. Then at least it could be argued that the class members were aware of the charge made on their behalf and were relying on plaintiff. Also the EEOC and the employer would have notice of a class-wide charge and would engage in conciliation as to a class-wide problem.

But plaintiff's EEOC charge was not asserted as representing a class. The EEOC was not invited by plaintiff to mediate with defendant concerning a class-wide problem. Defendant was not advised that its discus-

**3.** Before the 1978 Amendments to the ADEA, plaintiffs were required to file notices of intent to sue with the Secretary of Labor instead of filing charges before the EEOC.

The EEOC charge (or notice of intent to sue for pre-1978 cases) must be filed within 180 days of the discriminatory act, or within 300 days if the act occurred in a state in which there are provisions for redressing age discrimination claims (i.e. in "deferral states"). See *id.* at § 626(d). Moreover, in deferral states, a plaintiff must also wait 60 days after initiating state proceedings in order to file a federal action. See *id.* at § 633(b).

sions with the EEOC should be addressed to a class-wide issue. See *Naton v. Bank of Calif.*, 649 F.2d 691, 697 (9th Cir.1981). And the class members had no belief that their interests were being represented and their obligations discharged by plaintiff's administrative filing.

To allow those barred claims to be revived merely because plaintiff, or her lawyer, consider it advantageous to wield a heavier club by suing on behalf of a large number of claimants would undermine the purposes and requirements of the statute. It would further give unfair extortion power to a single claimant, who can threaten, by the mere insertion of a few words in her complaint, to resuscitate claims of others that have lapsed and cannot be revived without her as representative.

Plaintiff seeks to overcome this obstacle by arguing that, in spite of plaintiff's failure to charge on behalf of the class, the EEOC was adequately put on notice that the problem was class wide and involved many potential claimants. Recognizing that there may be circumstances in which such an argument might prevail, see, e.g., *Johnson v. American Airlines Inc.*, 531 F.Supp. 957, 962–63 (N.D.Tex.1982) (where charge grows out of employer's mandatory early retirement policy); *Cavanaugh v. Texas Instruments, Inc.*, 440 F.Supp. 1124, 1127 (S.D.Tex.1977); see also *Burgett, supra,* 361 F.Supp. at 624 (purpose of ADEA's notice provisions satisfied if "an individual ... provides the Secretary with notice of a practice which ... inherently discriminates against a class of individuals intended to be protected by the Act"), plaintiff's attempt to make such a showing is without substance. Her contention that the EEOC's request for age data among those laid off shows it was seeking to mediate with respect to the class is frivolous. It would be natural for the EEOC to seek such data to appraise plaintiff's individual claim.

I have considered the cases cited by plaintiff and find most of them to be either readily distinguishable or unsupportive of her position. In most of the cases, either the representative's EEOC charge (implicitly or explicitly) asserted a class claim, or the circumstances put the EEOC and the employer on notice that the problem was class wide. See, e.g., *Bean, supra; Sussman v. Vornado, Inc.,* 90 F.R.D. 680 (D.N. J.1981); *Shuster v. Federated Dept. Stores,* 508 F.Supp. 118 (N.D.Ga.1980); *Johnson v. American Airlines, Inc.,* 531 F.Supp. 957 (N.D.Tex.1982); *Geller v. Markham,* 19 FEP Cases 1622 (D.Conn. 1979); *Cavanaugh v. Texas Instruments, Inc.,* 440 F.Supp. 1124, 1127 (S.D.Tex.1977). Such is not the case here. In *Pandis v. Sikorsky Aircraft,* 431 F.Supp. 793 (D.Conn.1977), Judge Newman noted that "the claims of class members who have not given their own administrative notices must be limited to the category of claims fairly raised by the [named plaintiff's EEOC charge]." See also *Johnson, supra,* 531 F.Supp. at 963.

If any of plaintiff's cases is read to espouse the view that such questions must be resolved in favor of the creation of the maximum number of suits so as to serve the remedial purpose of the statute, I disagree with them. The intentions of Congress, expressed in so complex a statute, are equally complex. As surely as Congress created a new cause of action, Congress also placed restrictive limitations on the filing of suits. Courts ignore and abuse Congressional intent while invoking its name, if they fail to heed the complexity of intention and the political compromise that statutes represent. Limitation provisions are as much a part of the Congressional intent as the creation of the cause of action, and are as much entitled to recognition. See Posner, *Statutory Interpretation—in the Classroom and in the Courtroom,* 50 U.Chi.L.Rev. 800, 809 (1983) (in interpreting "remedial" statutes courts must recognize that these laws often represent Congressional compromises of conflicting interests).

Because neither plaintiff's EEOC charge nor the subsequent EEOC proceedings could reasonably be construed to encompass a class age discrimination claim, nei-

ther the EEOC nor the employer had adequate notice that such a claim would arise. Under such circumstances, I see no reason to override the limitations Congress so clearly placed in the statute by permitting plaintiff to sue on behalf of employees whose claims would otherwise be barred. See *Naton, supra; Hopper v. Timex Corp.,* 595 F.Supp. 668, 670 (E.D.Ark.1984).