Elias MORENO, et al., Plaintiffs,

v.

POVERTY POINT PRODUCE,
INC., et al., Defendants.

No. CIV.A. B–06–154.

United States District Court,
S.D. Texas,
Brownsville Division.

April 5, 2007.

Caitlin Berberich, Southern Migrant Legal Services, Douglas L. Stevick, Southern Migrant Legal Services, Nashville, TN, Kathryn Youker, Texas RioGrande Legal Aid, Inc., Weslaco, TX, Edward B. Cloutman, Law Offices of Edward B. Cloutman, III, Dallas, TX, for Plaintiffs.

Thomas H. Kiggans, Phelps Dunbar LLP, Baton Rouge, LA, Victor Rodriguez, Ellis, Koeneke & Ramirez, L.L.P., McAllen, TX, Edmundo O. Ramirez, Ellis, Koeneke & Ramirez, L.L.P., McAllen, TX, for Defendants.

### OPINION & ORDER

TAGLE, District Judge.

BE IT REMEMBERED that on April 5, 2007, the Court DENIED the parties' Joint Motion to Extend Deadlines. Dkt. No. 42.

A motion to extend a deadline, filed prior to the expiration of that deadline, is governed by Federal Rule of Civil Procedure 6(b). That rule states: "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged ...." FED. R. CIV. P. 6(b).

In this case, the parties filed the motion *sub judice* prior to the expiration of the deadlines by which Defendant is required to respond to Plaintiffs' Motion for Expedited Court–Authorized Notice to Prospective Class Members Pursuant to 29 U.S.C. § 216(b) and Plaintiffs' Motion to Compel Initial Disclosures, requesting an extension of those deadlines from April 5 and April 9, 2007 to May 2, 2007. *See* Dkt. Nos. 33, 35, 42; CHAMBER RULE 5.D. However, the sole basis for this request provided by the parties is that they "are engaged in serious settlement negotiations." Dkt. No. 42, at 1.

The Court finds that the sole basis proffered by the parties for an extension of time for Defendants to respond to Plaintiffs' motion does not establish "cause shown." *See* FED. R. CIV. P. 6(b); *Ginett v. Fed. Express Corp.*, 166 F.3d 1213 (6th Cir.1998); *Hernandez v. Brazoria County, Tex.*, 21 F.3d 1108 (5th Cir.1994); *Gardendance, Inc. v. Woodstock Copperworks, Ltd.*, 230 F.R.D. 438 (M.D.N.C.2005); *Hahn v. Amgen, Inc.*, No. Civ.A.4:03–CV–855–Y, 2004 WL 909437 (N.D.Tex. April 16, 2004). The parties have provided no reason for why their settlement negotiations have prevented, or will prevent,

the Defendants from responding to Plaintiffs' motions. *See Hahn,* 2004 WL 909437, at * 1 & n. 3. In fact, Plaintiffs' first motion, requesting that prospective class members be provided with notice of the suit, should be addressed regardless of the outcome of the parties' settlement negotiations, out of fairness and justice to the alleged prospective class members. *See, e.g., Riojas v. Seal Produce, Inc.,* 82 F.R.D. 613, 619 (S.D.Tex.1979). Furthermore, the Defendants had an original period of 20 days in which to respond to Plaintiffs' motions, and Defendants have previously been granted a two week extension of time in which to respond for both motions. *See* Chamber Rule 5.D; Dkt. No. 38. The mere possibility that the parties may settle this case at some future time, although they have not reached a settlement agreement in the previous five weeks, is too speculative for this Court to base a decision to extend the deadlines a second time on that basis alone.

Finally, the Court concludes that, even if it were to find that the parties had shown adequate cause, it would still decline to exercise its discretion in favor of granting an extension. *See* Fed. R. Civ. P. 6(b). Although the Court seeks to encourage settlement negotiations in all cases, the Court finds that the parties' pursuit of settlement negotiations is an insufficient reason for extending the deadlines in this case. The parties provide no indication that requiring the Defendants to respond to Plaintiffs' request for initial disclosures will present a particularly onerous burden for the Defendants. More importantly, as noted above, Plaintiffs' first motion, seeking to provide notice to prospective class members, should be addressed regardless of the outcome of the parties' settlement negotiations. Thus, the Court finds no reason why the Defendants cannot respond to the Plaintiffs' motions while engaging in settlement negotiations and therefore finds no reason why they should be provided with a second extension of their response deadlines.

Based on the foregoing, the Court DENIES the parties' Joint Motion to Extend Deadlines. Dkt. No. 42.